IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BERLINDA E. McCOLLUM,

    Plaintiff,

    v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,[1]

    Defendant.

                  No. CIV S-03-1147 DAD

                    <u>ORDER TO SHOW CAUSE</u>

        Pursuant to 42 U.S.C. § 406(b), counsel for plaintiff in the above-entitled action seeks an award of attorney fees in the amount of $7,365.00 for 31.9 hours of professional time devoted to the representation of plaintiff before this court. Defendant's response to the motion contains no objection to the award of $7,365.00 in attorney fees for court-related services.

        Section § 406(b) provides, in relevant part, as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Mr. Astrue is substituted as defendant in this suit pursuant to 42 U.S.C. § 405(g) and Fed. R. Civ. P. 25(d)(1).

1

> Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. . . .

42 U.S.C. § 406(b)(1)(A).  Rather than being paid by the government, fees under the Social Security Act are awarded out of the claimant's disability benefits.  See Russell v. Sullivan, 930 F.2d 1443, 1446 (9th Cir. 1991), receded from on other grounds by Sorenson v. Mink, 239 F.3d 1140, 1149 (9th Cir. 2001).  The 25 percent statutory maximum fee is not an automatic entitlement, and the court must ensure that the requested fee is reasonable.  Gisbrecht v. Barnhart, 535 U.S. 789, 808-09 (2002) ("We hold that § 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements.").  "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."  Gisbrecht, 535 U.S. at 807.

Here, counsel seeks attorney fees pursuant to § 406(b) in an amount apparently less than 25 percent of plaintiff's past-due benefits, even though 25 percent is authorized by statute and by contingency fee agreement between counsel and plaintiff.[2]  Counsel seeks an award of $7,365.00 for 31.9 hours of work at a rate of $350.00 per hour.  Based on the quality of counsel's representation and the results achieved, the court is inclined to find the amount of hours expended to be reasonable.  The court is also inclined to find the hourly rate reasonable.  See Martin v. Barnhart, 225 F. Supp. 2d 704, 705-07 (W.D. Va. 2002) (awarding $10,189.50 for 16.82 hours of court-related work, which represented an hourly rate of $605.80); Roark v. Barnhart, 221 F. Supp. 2d 1020, 1026 (W.D. Mo. 2002) (awarding attorneys fees in excess of the amount received under EAJA and finding an hourly rate of $338.29 to be reasonable).

---

[2] To be precise, the fee agreement provides for the recovery of "25% of the pasts [sic] due benefit award of disability benefits payable to client, payable only if a favorable determination or decision is reached which results in past-due benefits." (Pl.'s Pet. for Attorney Fees Under [42] U.S.C. § 406(b), Ex. B.) Documentation submitted by plaintiff's counsel appears to reflect that the Social Security Administration withheld from plaintiff's past-due benefits the amount of $8,747.03 for attorney fees, if awarded by the court. (Id., Ex. F.)

However, the court is confused by the remainder of counsel's petition and is unclear as to what counsel seeks.  In this regard, counsel's application notes that this court previously awarded $3,800.00 in attorney fees to plaintiff's counsel pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.  Next, counsel informs the court that the Administrative Law Judge approved a fee of $7,537.50 following the issuance of a favorable decision for plaintiff.  Counsel states that the Social Security Administration is still withholding from plaintiff's past-due benefits the amount of $8,747.03 in the event counsel seeks attorney fees from the court pursuant to § 406(b).  From the SSA's withholding, counsel somehow estimates that plaintiff's back payment in disability benefits was in excess of $65,000.  However, defendant states that plaintiff was in fact awarded only $30,150.00 in past-due benefits.  Finally, in his declaration plaintiff's counsel states:

> I am requesting attorney fees under U.S.C. § 406(b) of $7,363.00 [sic].  **I have subtracted fees previously received under EAJA of $3,800.00**, and the requested fees and fees previously paid the Commissioner total less than 25% of the claimant's Title II back payment.

(Pl.'s Pet. for Attorney Fees Under [42] U.S.C. § 406(b), Decl. of Mark J. Hannon at 3 (emphasis added).)

The court is confused by counsel's fee application.  When an award is made pursuant to § 406(b), that sum must be offset by any sum previously awarded pursuant to EAJA. Gisbrecht, 535 U.S. at 796; Russell, 930 F.2d at 1446 ("The dual fee awards are proper here as long as Russell's attorney gives the smaller of the two awards to his client to compensate Russell for his litigation costs.").  Here, it appears counsel may be seeking a § 406(b) award of $7,365.00 or $7,363.00 on top of the previous EAJA award of $3,800.00.  Such an award would appear to violate the holdings in Gisbrecht and Russell.  Moreover, if the government is correct that plaintiff was awarded only $30,150.00 in past-due benefits, the total fees sought by counsel would exceed the statutory maximum fee of twenty-five percent of the past-due benefits.

/////

1  It is the court's current intention to grant counsel's petition for attorney fees under
2  42 U.S.C. § 406(b), award $7,365.00 in attorney fees pursuant to that provision and order counsel
3  to refund to plaintiff the sum of $3,800.00 previously awarded under EAJA, less any amounts
4  properly attributable to court costs.  However, the court wishes to provide counsel for both
5  parties the opportunity to clarify their position with respect to the fee petition if appropriate.

6  Accordingly, within ten days of the service of this order counsel are directed to
7  file with the court any supplemental memorandum necessary to clarify their position on the fee
8  petition pending before the court.  If no supplemental memoranda are filed the court will enter an
9  order consistent with the analysis set forth above.

10  IT IS SO ORDERED.

11  DATED: April 6, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1/orders.socsec/mccollum1147.oscattyfees.406