IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BERLINDA E. McCOLLUM,

        Plaintiff,                     No. CIV S-03-1147 DAD

    v.

MICHAEL J. ASTRUE,             ORDER
Commissioner of Social Security,

        Defendant.
_____/

        On December 18, 2006, counsel for plaintiff filed with this court a motion for attorney's fees pursuant to 42 U.S.C. § 406(b). Upon review of the motion, the court determined that counsel appeared to seek a § 406(b) award of $7,365.00 in addition to the $3,800.00 in fees previously awarded under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. When an award is made pursuant to § 406(b), that sum must be offset by any sum previously awarded pursuant to the EAJA. Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002); Russell v. Sullivan, 930 F.2d 1443, 1446 (9th Cir. 1991), receded from on other grounds in Sorenson v. Mink, 239 F.3d 1140, 1149 (9th Cir. 2001). Because counsel's request appeared to violate the holdings in Gisbrecht and Russell, the court issued an order to show cause seeking clarification of counsel's motion. Specifically, the undersigned indicated an intention to grant counsel's petition for attorney fees under 42 U.S.C. § 406(b), award $7,365.00 in attorney fees pursuant to that

1

provision and order counsel to refund to plaintiff the sum of $3,800.00 previously awarded under EAJA, less any amounts properly attributable to court costs. However, the court did not wish to enter such an order without providing counsel for both parties the opportunity to clarify their position with respect to the fee petition if appropriate.

Plaintiff's counsel has filed a supplemental memorandum. Defendant has not filed a supplemental memorandum or a reply to plaintiff's supplemental memorandum. In his supplemental memorandum, counsel for plaintiff explains that he calculated his attorney fees at a rate of $350.00 per hour for 31.9 hours, for a total award of attorney fees in the amount of $11,165.00, from which he subtracted $3,800.00 for the attorney fees previously awarded under the EAJA, leaving a balance of $7,365.00. Plaintiff's counsel states that the plaintiff in this case received a back payment of $30,150.00 after $11,337.50, representing 25 percent of plaintiff's past due benefits, was set aside by the Social Security Administration for attorney fees.[1] Plaintiff's counsel also argues that through his representation claimant and her four minor children received over $60,000.00 due to four additional back payments received by claimant on behalf of her children. Finally, counsel makes a number of representations regarding notices sent to him by the Commissioner regarding benefits being withheld for payment of fees under § 406(b).

The court finds counsel's supplemental memorandum regarding his fee petition to be just as unclear and confusing as his original fee petition. Nowhere in the supplemental memorandum does counsel plainly state what it is he seeks. Fortunately, along with the supplemental memorandum counsel submitted a proposed order in which for the first time he includes language requiring him to refund to plaintiff the sum of $3,800 in EAJA funds he

---

[1] The contingency fee agreement between plaintiff and plaintiff's counsel provides for a fee equal to 25 percent of plaintiff's past due benefits. To be precise, the fee agreement provides for the recovery of "25% of the total of the pasts [sic] due benefit award of disability benefits payable to client, payable only if a favorable determination or decision is reached which results in past-due benefits." (Pl.'s Mot. for Attorney Fees Under U.S.C. § 406(b), Ex. B.)

2

previously received in connection with this action upon receipt of the § 406(b) fees.  As indicated in the order to show cause, that was the court's question from the outset.

Section § 406(b) provides, in relevant part, as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.  In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A).

Rather than being paid by the government, fees under the Social Security Act are awarded out of the claimant's disability benefits.  Russell, 930 F.2d at 1446.  However, the 25 percent statutory maximum fee is not an automatic entitlement; the court also must ensure that the requested fee is reasonable.  Gisbrecht, 535 U.S. at 808-09 ("We hold that § 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements.").  "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."  535 U.S. at 807.

Pursuant to 42 U.S.C. § 406(b), counsel for plaintiff in the above-entitled action seeks an award of attorney fees in the amount of $7,365.00 for 31.9 hours of professional time devoted to the representation of plaintiff before this court.  Defendant's response to the motion contains no objection to the award of $7,365.00 in attorney fees for court-related services.

Here, counsel seeks attorney fees in an amount slightly less than 25 percent of plaintiff's past-due benefits, even though 25 percent is authorized by statute and by contingency

/////

/////

fee agreement between counsel and plaintiff.[2]  Counsel seeks an award of $7,365.00 for 31.9 hours of work at a rate of $350.00 per hour.  Based on the quality of counsel's representation and the results achieved in this case, the court finds the amount of hours expended to be reasonable.  The hourly rate is also reasonable.  See Martin v. Barnhart, 225 F. Supp. 2d 704, 705-07 (W.D. Va. 2002) (awarding $10,189.50 for 16.82 hours of court-related work, which represented an hourly rate of $605.80); Roark v. Barnhart, 221 F. Supp. 2d 1020, 1026 (W.D. Mo. 2002) (awarding attorneys fees in excess of the amount received under EAJA and finding an hourly rate of $338.29 to be reasonable).  Accordingly, the petition for attorney fees will be granted.

By stipulation and order, the court previously awarded $3,800.00 in attorney fees to plaintiff's counsel pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.  When an award is made pursuant to § 406(b), that sum must be offset by any sum previously awarded pursuant to EAJA.  Plaintiff's counsel will be required to refund to plaintiff the smaller sum previously awarded as fees pursuant to EAJA.  See Russell, 930 F.2d at 1446 ("The dual fee awards are proper here as long as Russell's attorney gives the smaller of the two awards to his client to compensate Russell for his litigation costs.").

Accordingly, IT IS HEREBY ORDERED that:

1. The court's April 10, 2007 order to show cause is discharged; and

2. The December 18, 2006 motion for attorney fees under 42 U.S.C. § 406(b) is granted;

3. Plaintiff's counsel is awarded $7,365.00 in attorney fees; and

/////

/////

---

[2] To be precise, the fee agreement provides for the recovery of "25% of the pasts [sic] due benefit award of disability benefits payable to client, payable only if a favorable determination or decision is reached which results in past-due benefits." (Pl.'s Pet. for Attorney Fees Under U.S.C. § 406(b), Ex. B.)  Counsel's documentation shows that the Social Security Administration withheld from plaintiff's past-due benefits the amount of $8,747.03 for attorney fees, if awarded by the court. (Id., Ex. F.)

4.  Upon receipt of attorney fees in the amount of $7,365.00 pursuant to 42 U.S.C. § 406(b), plaintiff's counsel shall refund to plaintiff the sum of $3,800.00 previously awarded under the EAJA.

DATED: January 2, 2008.

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1/orders.socsec/mccollum1147.attyfees.406